Matter of Feldman (2024 NY Slip Op 06338)

Matter of Feldman

2024 NY Slip Op 06338

Decided on December 18, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LOURDES M. VENTURA, JJ.

2024-02279

[*1]In the Matter of Robert J. Feldman, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Robert J. Feldman, respondent. (Attorney Registration No. 2192417)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on July 14, 1981.

Catherine A. Sheridan, Brooklyn, NY (Michele Filosa of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On March 26, 2024, the Grievance Committee for the Tenth Judicial District served the respondent by email, pursuant to this Court's order dated March 26, 2024, authorizing substituted service, with a notice of petition and a verified petition, both dated December 19, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains seven charges of professional misconduct, alleging, inter alia, that the respondent engaged in conduct that is prejudicial to the administration of justice in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0) by his failure to cooperate with three Grievance Committee investigations, by his conduct in his bankruptcy proceeding in which the United States Bankruptcy Court for the Eastern District of New York found that he engaged in an "obvious pattern of deceit," and by failing to pay a judgment to a former client, and that the respondent engaged in undignified or discourteous conduct before a tribunal towards a judge in violation of rule 3.3(f)(2) of the Rules of Professional Conduct.
The notice of petition directed the respondent to file his answer to the petition within 20 days after service upon him of the petition. To date, the respondent has not filed an answer to the petition as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default in filing an answer to the petition and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on May 30, 2024, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the petition dated December 19, 2023, established is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and VENTURA, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the petition dated December 19, 2023, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert J. Feldman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Robert J. Feldman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Robert J. Feldman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert J. Feldman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court